IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-644-D

CHRISTOPHER EUGENE BUCKNER, )
)
          Plaintiff, )
)
v. ) **ORDER**
)
UNITED PARCEL SERVICE, INC., )
)
          Defendant. )

    Christopher Eugene Buckner ("Buckner" or "plaintiff") works for United Parcel Service, Inc., ("UPS" or "defendant") and is a member of the bargaining unit represented by the Teamsters. Buckner returns to court to challenge UPS's alleged failure to fulfill promises under the collective bargaining agreement. See Compl. [D.E. 1-2] 4–13; cf. [D.E. 7-4] 1–146 (copy of collective bargaining agreement). This court rejected Buckner's first two actions against UPS. See Buckner v. United Parcel Service, Inc., No. 5:14-CV-539-FL, 2015 WL 5603369, at *3–5 (E.D.N.C. Sept. 23, 2015) (unpublished) ("Buckner II"), aff'd, 641 F. App'x 262 (4th Cir. 2016) (per curiam) (unpublished); Buckner v. United Parcel Service, Inc., No. 5:09-CV-411-BR, 2012 WL 1596726, at *3–9 (E.D.N.C. May 7, 2012), aff'd, 489 F. App'x 709 (4th Cir. 2012) (per curiam) (unpublished). Buckner dresses his latest claims concerning the collective bargaining agreement in the garb of four state law claims: (1) a violation of the North Carolina Retaliatory Employment Discrimination Act; (2) common law fraud; (3) common law negligence; and, (4) intentional and negligent infliction of emotional distress. See Compl. ¶¶ 1–7.

    UPS moves to dismiss Buckner's complaint based on complete preemption under section 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185, and the doctrine of res judicata. See [D.E. 6]; [D.E. 7] 5–17; Fed. R. Civ. P. 12(b)(6). UPS also argues that even if

complete preemption or res judicata do not defeat Buckner's claims, he has failed to state a claim upon which relief can be granted under North Carolina law. See [D.E. 7] 17–22; Fed. R. Civ. P. 12(b)(6). Buckner disagrees [D.E. 11] and asks this court to remand the action to Wake County Superior Court [D.E. 10].

A Rule 12(b)(6) motion tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. When evaluating a Rule 12(b)(6) motion, a court may consider the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005).

The court has reviewed Buckner's complaint and the collective bargaining agreement. Section 301 of the LMRA preempts Buckner's claims. See, e.g., United Steel Workers of Am. v. Rawson, 495 U.S. 362, 368–69 (1990); Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211–13 (1985); Foy v. Giant Food Inc., 298 F.3d 284, 287 (4th Cir. 2002); McCormick v. AT & T Techs., Inc., 934 F.2d 531, 535 (4th Cir. 1991); Childers v. Chesapeake & Potomac Tel. Co., 881 F.2d 1259, 1261–62 (4th Cir. 1989); Buckner, 2015 WL 5603369, at *3–4; see also [D.E. 7] 6–12. Alternatively, in light of Buckner II, res judicata bars Buckner's claims. See, e.g., Montana v. United States, 440 U.S. 147, 153–55 (1979); Pueschel v. United States, 369 F.3d 345, 354–55 (4th Cir. 2004); Pittston Co. v. United States, 199 F.3d 694,

2

704–05 (4th Cir. 1999); Meekins v. United Transp. Union, 946 F.2d 1054, 1057–58 (4th Cir. 1991); United States v. Tatum, 943 F.2d 370, 381–82 (4th Cir. 1991); Keith v. Aldridge, 900 F.2d 736, 739–40 (4th Cir. 1990); Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc., 892 F.2d 355, 359–60 (4th Cir. 1989); Shoup v. Bell & Howell Co., 872 F.2d 1178, 1181–82 (4th Cir. 1989); [D.E. 7] 12–17. Alternatively, for the reasons stated in UPS's memorandum, Buckner has failed to state a claim upon which relief can be granted under state law. See [D.E. 7] 17–22; see also [D.E. 14] 7.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 6] and DENIES plaintiff's motion to remand [D.E. 10]. The clerk shall close the case.

SO ORDERED. This _6_ day of October 2016.

JAMES C. DEVER III
Chief United States District Judge